FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN -5 PM 3: 24

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HAROLD BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1853** |
| **JAMES LEBLANC, WARDEN** | **SECTION "S"(6)** |

## TRANSFER ORDER

Petitioner, HAROLD BROWN, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1999 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1) He was denied the effective assistance of counsel during the habitual offender proceedings;

2) The State did not satisfy its burden of proof during the habitual offender proceedings;

3) His guilty plea at the habitual offender proceeding was not knowingly, voluntarily or intelligently made.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Harold Brown v. O. Kent Andrews</u>, Civil Action 01-3273 "S"(6). In that petition, petitioner raised the following grounds for relief:

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

> 1) His sentence is illegal due to an erroneous application of the habitual offender law and an ongoing conspiracy among the state courts, prosecutor and defense counsel to support the application of the law.

That petition was dismissed with prejudice on the merits by Judgment entered on April 24, 2002. Petitioner appealed the judgment. In September 2002, the Fifth Circuit Court of Appeals denied his request for a certificate of appealability. <u>Harold Brown v. O. Kent Andrews</u>, 02-30491 (5th Cir. 2002).

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

> 1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or
>
> 2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that HAROLD BROWN's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this ___5___ day of ___January___, 2006.

UNITED STATES DISTRICT JUDGE